## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| GURPINDER SINGH SANDHU, | ) | Case No. 3:23-cv-00088 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes Jr. |
| MERRICK GARLAND, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## **OPINION AND ORDER**

*Pro se* Petitioner Gurpinder Singh Sandhu filed a petition for a writ of habeas corpus requesting the Court to order U.S. Immigration and Customs Enforcement to release him from immigration detention.  (ECF No. 1-1, PageID #18.)  In his petition, he argues that Respondents the Attorney General of the United States, the Secretary of Homeland Security, and the Director of the ICE Field Office continue to detain him unlawfully  more  than  180  days  after  the  date  on  which  he  was  first  taken  into custody.  (ECF No. 1-1, PageID #9–10.)  Respondents move to dismiss for lack of jurisdiction on the ground that Petitioner was released from immigration detention. (ECF No. 7-1, PageID #38–39.)  Therefore, according to Respondents, the Court lacks subject matter jurisdiction over the petition because it is moot.  (*Id.*)  Petitioner did not oppose Respondents' motion.  For the following reasons, the Court **GRANTS** Respondents' motion and **DISMISSES** the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Sandhu was born in India and entered the United States on July 25, 1994. (ECF No. 1-1, PageID #13.)  After Mr. Sandhu served a nine-year prison sentence, an immigration judge ordered his removal to India in 2018.  (*Id.*)  Mr. Sandhu waived his right to appeal this final order of deportation.  (*Id.*)  On June 29, 2022, U.S. Immigration and Customs Enforcement took Mr. Sandhu into custody to await removal at the Seneca County Jail in Tiffin, Ohio.  (*Id.*, PageID #9 & #13.) Respondents first reviewed Petitioner's custody status on September 27, 2022 and continued his detention.  (*Id.*, PageID #13.)  Respondents again reviewed Petitioner's custody status on December 27, 2022.  (*Id.*)  In a letter, Respondents informed Petitioner that he would not be released from custody because his removal was reasonably foreseeable.  (*Id.*)

On January 17, 2023, after 180 days had passed since Respondents took Mr. Sandhu into custody, Mr. Sandhu petitioned for a writ of habeas corpus.  (ECF No. 1.)  He alleges that his continued detention beyond 180 days after the date on which he was detained violates 8 U.S.C. § 1231(a)(6) and deprives him of his substantive and procedural due process rights.  (ECF No. 1-1, PageID #15–18.)  He requests that the Court take jurisdiction over this matter, order Respondents not to transfer him out of the Court's jurisdiction during the pendency of this petition, and order his release from custody.  (*Id.*, PageID #18.)  Also, he seeks fees and costs under the Equal Access to Justice Act.  (*Id.*)  On March 14, 2023, the Court ordered Respondents to show cause why the petition should not be granted.  (ECF No. 5.)

Respondents filed a motion to dismiss for lack of jurisdiction on March 23, 2023.  (ECF No. 7.)  Accompanying that motion, Respondents filed an affidavit showing that U.S. Immigration and Customs Enforcement released Mr. Sandhu from custody on February 2, 2023.  (ECF No. 7-2, ¶ 3, PageID #42; *see also* ECF No. 7-1, PageID #36.)  For this reason, Respondents argue that the Court lacks jurisdiction over the petition because it is moot.  (ECF No. 7-1, PageID #36–39.)

## ANALYSIS

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).  Because Petitioner appears *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

The Court can only adjudicate actual, ongoing cases or controversies.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)).  "The parties must continue to have a 'personal stake in the outcome' of the lawsuit," and "it is not enough that a dispute was very much alive when suit was filed."  *Id*. at 477–78 (citations omitted).  Therefore, a case is moot "when events occur during the pendency of a litigation which render the court unable

3

to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Where the requested relief is no longer forthcoming through litigation, the Court is unable to grant it. *Id.* Mootness implicates jurisdiction under Article III of the United States Constitution, so the Court lacks jurisdiction where the case before it is moot. *Id.* at 1289 n.5.

To determine whether Petitioner's claim is moot, the Court looks at whether events have occurred that render the Court unable to grant the relief Petitioner requests. According to Respondents, U.S. Immigration and Customs Enforcement released Petitioner from custody on February 2, 2023. (ECF No. 7-1, PageID #36; ECF No. 7-2, ¶ 3, PageID #42.) Because Petitioner's sole ground for relief is for the Court to take and retain jurisdiction over this matter and release him from custody, the Court is unable to grant Mr. Sandhu's request because he already has the relief he sought—he has been released. (ECF No. 1-1, PageID #18.) And his request for fees and costs under the Equal Access to Justice Act only applies where he is the prevailing party. 28 U.S.C. § 2412. Without any further available relief requested, Petitioner's petition is moot, and the Court lacks subject matter jurisdiction. Therefore, the Court **GRANTS** Respondents' motion (ECF No. 7) and **DISMISSES** the petition.

**SO ORDERED.**

4

Dated:  May 1, 2023

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio